### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: : | |
| **GREGORY C. BAILEY &** : | |
| **KIMBERLY I. BAILEY,** : | **Bankruptcy No. 08-25979-BM** |
| Debtors. : | **Chapter 7** |
| **Joseph W. Kegg, Jr.,** : | |
| Plaintiff, : | |
| v. : | **Adversary No. 10-2366-BM** |
| **Gregory C. Bailey,** : | |
| Defendant. : | |

Appearances:    Robert R. Druzisky, for Joseph W. Kegg, Jr.
J. Philip Colavincenzo, for Gregory C. Bailey.

### MEMORANDUM OPINION

Joseph Kegg, the instant plaintiff (hereafter "Kegg"), seeks to have his claim against Gregory Bailey, one of the above-captioned debtors (hereafter "the Debtor"), declared nondischargeable pursuant to 11 U.S.C. § 523(a)(2). The Debtor disagrees that such claim should be excepted from his Chapter 7 bankruptcy discharge. For the reasons that are set forth below, the Court, after a trial on the matter held on January 27, 2011, holds that (a) Kegg's claim cannot be declared nondischargeable pursuant to § 523(a)(2), and (b) such debt, therefore, shall be discharged.

### STATEMENT OF FACTS

The Debtor, along with his wife, Kimberly Bailey, filed a Chapter 13 bankruptcy petition on September 9, 2008. The Debtor and his wife converted their bankruptcy case to Chapter 7 on March 26, 2010.

On December 12, 2008, the Debtor entered into an agreement with Kegg to lease a truck from Kegg (hereafter "the Truck Lease"). Although the Debtor was a party to his Chapter 13 bankruptcy case when he entered into the Truck Lease, the Debtor apparently never obtained authorization from the Chapter 13 Bankruptcy Judge to enter into such lease.

The Debtor ultimately defaulted on the Truck Lease. Thereafter Kegg obtained an Order of Court from the Chapter 13 Bankruptcy Judge allowing an administrative claim in his favor for the remaining attendant lease obligation of $35,543.76. *See* Bankr. No. 08-25979-JKF, Docket No. 93 (March 24, 2010). Kegg now seeks to have his $35,543.76 claim declared nondischargeable pursuant to § 523(a)(2).

## DISCUSSION

Kegg's theory for relief under § 523(a)(2) is unclear. He formally contends, at paragraph 6 of his adversary complaint, that the Debtor never informed him when they entered into the Truck Lease that the Debtor was a party to an active Chapter 13 bankruptcy case. Through paragraphs 7 and 8 of such complaint, Kegg appears to contend that, when he and the Debtor entered into the Truck Lease, Kegg was unaware that the Debtor was self-employed or engaged in his own business. In paragraph 9 of such complaint, Kegg alleges that the Debtor never complied with reporting requirements that are imposed on a Chapter 13 debtor who operates a business in bankruptcy. Finally, in paragraph 10 of such complaint, Kegg alleges that the Debtor failed to disclose the existence of the Truck Lease when the Debtor ultimately filed with the Court his Rule 1019 Conversion Report.

From the foregoing contentions set forth in such paragraphs 6 through 8, the Court presumes that Kegg must at least contend that (a) the Debtor fraudulently omitted to inform Kegg, when the two of them entered into the Truck Lease, of the Debtor's pending bankruptcy and his self-employed status, (b) he relied to his detriment on such omissions, and (c) his claim should thus be declared nondischargeable pursuant to § 523(a)(2). As for the allegations set forth in such paragraphs 9 and 10, the Court is simply uncertain as to the relevance of the same to Kegg's nondischargeability complaint. Perhaps Kegg points to the Debtor's oversights as alleged therein as evidence that the Debtor (a) never intended to honor his commitment under the Truck Lease when he entered into such lease in the first place, and (b) thereby committed fraud that is actionable under § 523(a)(2).

However, when pressed by the Court at trial to state with some particularity his theory for relief under § 523(a)(2), Kegg's counsel set forth nothing more than the following: (a) that the Debtor entered into the Truck Lease subsequent to when he commenced his Chapter 13 bankruptcy case, (b) that the Debtor never sought or obtained authorization from the Chapter 13 Bankruptcy Judge to enter into such lease, and (c) that the Debtor then defaulted on the Truck Lease. The latter theory for relief is frankly incomprehensible, as well as wholly inconsistent with what Kegg has pled in his complaint. The Court suspects that Kegg's counsel proceeded as he did at trial because (a) obvious disputes regarding material facts persist with respect to what Kegg has formally pled in paragraphs 6 through 8 of his complaint, (b) such counsel appeared at trial without any witnesses – indeed, even without

3

Kegg himself – to support Kegg's complaint, and (c) the scant facts that were set forth by such counsel at trial to support Kegg's complaint are undisputed.

The Court will proceed unceremoniously to make relatively short work of both what Kegg has formally pled and what his counsel has orally argued vis-a-vis Kegg's nondischargeability action under § 523(a)(2).

First, did the Debtor obtain anything from Kegg by virtue of (a) allegedly failing to comply with Chapter 13 reporting requirements, (b) allegedly failing to disclose the existence of the Truck Lease when he ultimately filed with the Court his Rule 1019 Conversion Report, and/or (c) failing to seek or obtain authorization from the Chapter 13 Bankruptcy Judge before entering into such lease?  "For a debt to fall within th[e] exception [of § 523(a)(2)], money, property or services ... must actually have been obtained by the false pretenses or representations or by means of actual fraud. ... Before the exception applies, the debtor's fraud must result in a loss of property to the creditor." 4 Collier on Bankruptcy, ¶ 523.08[1][a] at 523-43 (Bender 2010); *see also* In re Rountree, 330 B.R. 166, 171 (E.D.Va. 2004) (citing same passage from Collier).  The Court holds that the Debtor necessarily did not obtain anything of value from Kegg by virtue of having committed the foregoing oversights because (a) each such alleged oversight occurred substantially subsequent to when the parties entered into the Truck Lease, and (b) the Debtor thus obtained neither such lease, the truck that was the subject of such lease, nor money or an extension of credit by virtue of such lease via any of such alleged oversights.  As well, none of the foregoing oversights are what caused Kegg's loss; simply entering into the Truck Lease is what caused the loss that Kegg experienced.

Finally, Kegg has not even attempted to demonstrate how the foregoing oversights might have constituted a fraud on himself even if they might have constituted the same with respect to the Court itself. Therefore, such alleged oversights do not operate to support Kegg's nondischargeability cause of action against the Debtor.

Second, has Kegg preponderantly proven that the Debtor never intended to honor his commitment under the Truck Lease when he entered into such lease in the first place, and that he thereby committed fraud that is actionable under § 523(a)(2)? If Kegg could preponderantly prove as much the same would be actionable under § 523(a)(2) because "[a] misrepresentation by a debtor of his or her intention to perform contractual duties ... may be a false representation under section 523(a)(2)(A). Thus, section 523(a)(2)(A) may make a creditor's claim nondischargeable if the debtor had no intention of performing any of the obligations under the contract." 4 Collier on Bankruptcy, ¶ 523.08[1][d] at 523-46. Unfortunately for Kegg, the Court cannot hold that Kegg has preponderantly proven as much because, the oversights by the Debtor detailed in the preceding paragraph herein notwithstanding, it is still as likely as not that (a) the Debtor, at the inception of the Truck Lease, intended to honor his commitment thereunder, and (b) the Debtor simply changed his mind regarding such commitment at some point subsequent to such inception. Such a subsequent change in intention is not actionable under § 523(a)(2). *See* Id. ("A debtor's statement of future intention is not necessarily a misrepresentation if intervening events cause the debtor's future actions to deviate from previously expressed intentions"); *see also* In re Smith, 147

B.R. 101, 104 (Bankr.W.D.Pa. 1992) (same holding as in the instant matter under a very similar set of circumstances).

Finally, has Kegg preponderantly proven that (a) the Debtor fraudulently omitted to inform Kegg, when the two of them entered into the Truck Lease, of the Debtor's pending bankruptcy and his self-employed status, (b) he relied to his detriment on such omissions, and (c) his claim should thus be declared nondischargeable pursuant to § 523(a)(2)? The Court must answer "no" with respect to each of the three foregoing questions. In particular, Kegg has not preponderantly proven that the Debtor even omitted to inform Kegg of his pending bankruptcy and self-employed status, let alone that the Debtor did so fraudulently. Kegg also has not proven with credible evidence that he relied – that is, actually, as well as justifiably or reasonably, relied – on the Debtor not having been in bankruptcy and not having been self-employed, presuming that Kegg was unaware of such bankruptcy and self-employed status and that the Debtor was to blame for such ignorance. Furthermore, even if Kegg had proven that the Debtor fraudulently omitted to inform Kegg of the Debtor's pending bankruptcy and his self-employed status, and that Kegg relied to his detriment on such omissions, the foregoing would not have been actionable, as a matter of law, under § 523(a)(2) because (a) such concealment by the Debtor of his pending bankruptcy and self-employed status would have constituted a misrepresentation by the Debtor of his financial condition, see In re Sharpe, 351 B.R. 409, 424-26 (Bankr.N.D.Tex. 2006), (b) such a misrepresentation could only have been actionable under § 523(a)(2)(B), that is, such a misrepresentation could not have been actionable under § 523(a)(2)(A), see

6

Id., (c) such a misrepresentation could only have been actionable under § 523(a)(2)(B) if the same were in writing, see Id., (d) Kegg cannot point to any writing that conceivably could have contained, indeed even prompted, such concealment by the Debtor, and (e) such concealment by the Debtor thus could have constituted no more than an unwritten statement concerning his financial condition, which unwritten statement would not have been actionable under § 523(a)(2)(B).

## CONCLUSION

For all of the foregoing reasons, Kegg's claim cannot be declared nondischargeable pursuant to § 523(a)(2). Such debt, therefore, shall be discharged.

**BY THE COURT**

**/s/**
**BERNARD MARKOVITZ,**
**U.S. Bankruptcy Judge**

**DATED: February 14, 2011**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | : |
| | : |
| **GREGORY C. BAILEY &** | : |
| **KIMBERLY I. BAILEY,** | : **Bankruptcy No. 08-25979-BM** |
| Debtors. | : **Chapter 7** |
| **Joseph W. Kegg, Jr.,** | : |
| Plaintiff, | : |
| | : |
| v. | : **Adversary No. 10-2366-BM** |
| | : |
| **Gregory C. Bailey**, | : |
| Defendant. | : |

## ORDER OF COURT

**AND NOW,** this **14th day** of **February, 2011**, for the reasons set forth in the accompanying Memorandum Opinion of the same date; and subsequent to notice and a trial on the matter that was held on January 27, 2011, it is **hereby ORDERED, ADJUDGED, AND DECREED** that (a) Kegg's (i.e., the Plaintiff's) claim **cannot be declared nondischargeable** pursuant to § 523(a)(2), and (b) such debt, therefore, **shall be discharged**.

**BY THE COURT**

**/s/**
**BERNARD MARKOVITZ,**
**U.S. Bankruptcy Judge**

copies to:

Robert R. Druzisky, Esq.
Edgardo D. Santillan, Esq.
Eric E. Bononi, Esq.
Office of the U. S. Trustee
(Case Administrator to serve electronically)